UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

November 23, 2021

LETTER TO COUNSEL:

    RE: *Sandra C. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
           Civil No. TJS-20-3065

Dear Counsel:

    On October 21, 2020, Plaintiff Sandra C. petitioned this Court to review the Social Security Administration's final decision to deny her claim for disability insurance benefits ("DIB"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 13 & 14. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties (ECF Nos. 13, 14 & 15), I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

    Sandra C. filed her application for DIB on October 24, 2017, alleging that she became disabled on July 31, 2016. Tr. 16. Her application was denied initially and upon reconsideration. *Id.* She requested a hearing and thereafter appeared before an Administrative Law Judge ("ALJ") for a hearing on July 24, 2019. *Id.* In a written decision dated September 16, 2019, the ALJ found that Sandra C. was not disabled under the Social Security Act. Tr. 16-24. Sandra C. now seeks review of the ALJ's decision.

    The ALJ evaluated Sandra C.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. At step one, the ALJ found that Sandra C. has not engaged in substantial gainful activity since July 31, 2016, the alleged onset date. Tr. 18. At step two, the ALJ found that Sandra C. has the following severe impairments: polycythemia vera, myelofibrosis, atrial fibrillation, and obesity. Tr. 19. At step three, the ALJ found Sandra C.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 19-20. The ALJ determined that Sandra C. retains the residual functional capacity ("RFC") to perform:

---

[1] This case was originally assigned to Judge Boardman. On June 30, 2021, it was reassigned to Judge Coulson. On September 30, 2021, it was reassigned to me.

> a range of sedentary work as defined in 20 CFR 404.1567(b), except that the claimant can only frequently climb ramps or stairs, occasionally stoop, kneel, crouch, or crawl, and never climb ladders, ropes, or scaffolds; she cannot tolerate exposure to temperature extremes, respiratory irritants such as odors, gases, and fumes, or hazards such as unprotected heights or moving machines; and she is able to frequently, but not constantly, handle, finger, and feel bilaterally.

Tr. 20.

At step four, the ALJ determined that Sandra C. can perform past relevant work as a customer service clerk. Tr. 23. Accordingly, the ALJ found that Sandra C. was not disabled under the Social Security Act. Tr. 24.

Sandra C. presents two arguments in this appeal: (1) the ALJ failed to apply the mandatory "special technique," *see* 20 C.F.R. § 404.1520a, for evaluating the claimant's mental impairments; and (2) the ALJ's RFC determination is flawed because it does not explain how the claimant's ability to sporadically perform non-work activities translates into an ability to perform work activities on a full-time basis.

When an ALJ evaluates the severity of a claimant's mental impairment, they "must follow a special technique." 20 C.F.R. § 404.1520a; *Patterson v. Comm'r of Soc. Sec. Admin*, 846 F.3d 656, 661 (4th Cir. 2017) ("The special-technique regulation's plain language describes what the SSA *must* do."). "The special-technique regulation affects how an ALJ evaluates and documents his process at steps 1 through 4 if the claimant alleges a mental impairment." *Id.* at 659.

> Under the special-technique regulation, if the ALJ determines that a mental impairment exists, he "must specify the symptoms, signs, and laboratory findings that substantiate the presence of the impairment(s) and document [his] findings." [20 C.F.R.] § 404.1520a(b)(1). The ALJ must also document "a specific finding as to the degree of limitation in each of" the four areas of functional limitation listed in § 404.1520a(c)(3). *Id.* § 404.1520a(e)(4). In the first three areas of functional limitations—(a) activities of daily living, (b) social functioning, and (c) concentration, persistence, or pace—the ALJ must rate the degree of limitation using "the following five-point scale: None, mild, moderate, marked, and extreme." *Id.* § 404.1520a(c)(4). The ALJ must rate the fourth functional area—(d) episodes of decompensation—using "the following four-point scale: None, one or two, three, four or more." *Id.* Next, the ALJ must determine if the mental impairment is severe, and if so, whether it qualifies as a listed impairment. *Id.* § 404.1520a(d). If the mental impairment is severe but is not a listed impairment, the ALJ must assess the claimant's RFC in light of how the impairment constrains the claimant's work abilities. *See id.* § 404.1520a(d)(3). The regulation specifically provides that the ALJ must document all of the special technique's steps. *Id.* § 404.1520a(e)(4).

*Id.*

In this case, Sandra C. alleged that she suffers from insomnia, and that her insomnia constitutes a medically determinable mental impairment whose severity affects her ability to

perform work. *See* ECF No. 13-1 at 8. The record contains evidence that Sandra C.'s insomnia results in severe fatigue, a lack of energy, trouble staying awake during the day, and difficulty concentrating. *Id.* at 8-9. The ALJ's decision refers to Sandra C.'s insomnia and the difficulties that result from it, but the decision does not indicate whether the ALJ conducted the special technique analysis of this mental impairment, nor does it document the application of the special technique's steps. Instead, the decision declares that Sandra C.'s statements about the intensity, persistence, and limiting effects of her symptoms are "inconsistent" because "the medical evidence of record does not establish ongoing symptoms of fatigue, insomnia and reduced concentration from the claimant's medically determinable mental impairments." Tr. 22. However, "the special-technique regulation requires more." *Patterson*, 846 F.3d at 662.

The ALJ was on notice that Sandra C. claimed her insomnia constituted a mental impairment that interfered with her ability to perform work. And there is substantial evidence in the record that Sandra C.'s insomnia is a medically determinable mental impairment. The ALJ was therefore required to conduct the special technique analysis under 20 C.F.R. § 404.1520a. His failure to do so and to document the application of the special technique makes it "difficult to discern how the ALJ treated relevant and conflicting evidence." *Patterson*, 846 F.3d at 662. The Court "cannot affirm the ALJ's evaluation of [Sandra C.'s] mental impairment because his decision [does] not explain how he weighed all relevant evidence," including how he rated Sandra C.'s four areas of functional limitation listed in § 404.1520a(c)(3), nor does it explain how the ALJ reached his conclusion about the severity of the mental impairment as required by § 404.1520a(d). *Id.* Because the Court cannot review the ALJ's mental impairment evaluation, the Court "cannot say that he properly assessed [Sandra C.'s] RFC." *Id.* It follows that because the Court "cannot gauge the propriety of the ALJ's RFC assessment," the Court "cannot say that substantial evidence supports the ALJ's denial of benefits." *Id.* The case must be remanded for further proceedings.

Because the Court will remand this case based on Sandra C.'s special technique argument, the Court declines to address Sandra C.'s second argument regarding the ALJ's RFC determination. The Court expresses no opinion on the ultimate issue of Sandra C.'s disability.

Remand is required so that the ALJ may provide a decision that documents the application of the special technique required in 20 C.F.R. § 404.1520a. Accordingly, both parties' motions for summary judgment (ECF Nos. 13 & 14) are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge